**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARMEN CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:26-cv-00758 |
| | ) | |
| v. | ) | |
| | ) | |
| 3600 CONDOMINIUM ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

Plaintiff, Carmen Clark ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against 3600 Condominium ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendant's misclassification of Plaintiff as an Independent Contractor, failure to pay all earned wages, and minimum wage for all hours worked.

2.      This lawsuit further arises under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4 *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/ *et. seq.*, for Defendant's failure to pay all earned wages, minimum wage for all hours worked, and final compensation to Plaintiff.

### JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

4.      Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. This Court has supplemental and pendent jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

## **PARTIES**

6. At all times material to the allegations of this Complaint, Plaintiff, Carmen Clark, resides in Cook County in the State of Illinois.

7. At all times material to the allegations in this Complaint, Defendant, 3600 Condominium Association, is an entity doing business in and for Cook County whose address is 3600 N Lake Shore Drive, Chicago, Illinois 60613.

8. At all times relevant, Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS 105/3(d).

9. At all times relevant, Plaintiff was employed by Defendant as an "employee" as defined by the IWPCA, 820 ILCS 115/2.

10. At all times relevant, Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

11. At all times relevant, Defendant was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

12. At all times relevant, Defendant was an "employer" as defined by the IWPCA, 820 ILCS 115/2.

## **BACKGROUND FACTS**

13. Plaintiff was employed by Defendant as an administrative assistant/keyholder from on or about July 17, 2025, until Defendant began unlawfully not paying Plaintiff her earned wages leading to her constructive discharge on or about November 5, 2025.

14. On the day Plaintiff was hired, Plaintiff spoke with Sabrina Greco, Defendant's community association manager.

15. After she was hired, Plaintiff received all hiring paperwork including background check, w-2 form, and a welcome aboard email.

16. Following completion of these documents, about a week later, Plaintiff was notified that she could begin working as soon as possible.

17. Ms. Greco, Defendant's manager who hired Plaintiff, was also in charge of Plaintiff's schedule and tasks throughout the day as an administrative assistant/keyholder.

18. As an administrative assistant/keyholder, Plaintiff performed a specific job which was an integral part of the business of Defendant.

19. Plaintiff's job duties included, but are not limited to, the following:

   a. Put notices on people's doors;

   b. Office tasks such as organizing keys, shredding paper, and submit paperwork;

   c. Allowed construction workers to enter the building and locking up rooms after their departure;

   d. Submitting finished work that construction workers completed in the computer/ipad;

   e. And any other administrative task asked of her by Defendant's manager

20. Plaintiff works a set schedule, set by the Defendant, Monday through Friday from 7:30am – 4:00pm.

21.     As an employee of Defendant, she was unable to choose her days off.

22.     Defendant misclassified Plaintiff as an "independent contractor".

23.     However, Plaintiff was an employee of Defendant and was paid as a W2 employee until she brought up issues with not being paid- thereby engaging in protected activity.

24.     After bringing to Defendant's attention that she was not recieving her paychecks, Defendant then changed Plaintiff's status to a 1099 employee.

25.     Defendant treated Plaintiff as an employee based on the foregoing:

   a.  Plaintiff was economically dependent on Defendant;

   b.  Defendant scheduled Plaintiff 40 hours a week as a set schedule which constitute longer hours than that of an independent contractor, thereby precluding Plaintiff from earning substantial income from other sources or engaging in substantial independent business activities;

   c.  Plaintiff does not exercise managerial skills which affects her opportunity for profit or loss;

   d.  Plaintiff does not hold meaningful opportunities for profit or loss as part of their duties performed for Defendant;

   e.  Plaintiff's hourly rate, $20.00 per hour, was a rate plan that does not have opportunity to increase earnings based on entrepreneurial or business skills;

   f.  Plaintiff, as an administrative assistant, does not solicit additional work for herself from Defendant's customers or others;

   g.  All parts and equipment used to perform Plaintiff's job are owned and provided by Defendant;

   h.  Defendant maintains the ability to exercise meaningful control, and does exercise

4

meaningful control over the following actions of Plaintiff, including but not limited to:

    i. Defendant assigns work schedules;

    ii. Defendant assigns Plaintiff to particular tasks;

    iii. Defendant requires Plaintiff to report to work and leave work by specified times; and

    iv. Defendant has monitored and supervised the work of Plaintiff.

26. In or around October 2025, Plaintiff noticed that she was not reciving her checks in the mail as she previously had.

27. Since the beginning of her employment up to October 2025, Plaintiff had recieved her paychecks with no issue.

28. Plaintiff was paid weekly at $20.00 an hour.

29. Defendant claimed to have sent out all of her checks but she has not recieved anything as of January 21, 2026.

30. Plaintiff has brought Defendant's failure to pay her to Defendant's attention on multiple occassions in person and via email to Defendant.

31. However, she is barely able to recieve any response that provides her with any direction as to what is going on with her paychecks.

32. Instead, Defendant simply responsds stating that they have "sent out the checks" without finding a different solution such as direct deposit.

33. Further, Defendant gave Plaintiff a 1099 to make it seem as if she was an independent contractor despite her being an employee of Defendant.

34. Until Plaintiff brought up the concept of pursuing legal action, Defendant had

refused to provide paystubs.

35.     Once she recieved her paystubs and added the total missing paychecks, Plaintiff was missing over $3,000.00.

36.     Specifically, Plaintiff is missing the following checks and amounts:

    a.  For October 6 to October 10: $650.00

    b.  For October 13 to October 17: $800.60

    c.  For October 20 to October 24: $691.33

    d.  For October 27 to October 31: $700.67

    e.  For November 3 to November 7: $473.33

37.      Therefore, Plaintiff is owed $3,315.33 and hgas yet to recieve her wages for all hours worked for Defendant.

38.     Due to Defendant's failure to pay Plaintiff wages, Plaintiff had no other option but to face a constructive discharge given she had already worked over a month with no pay.

39.     Following her retaliatory constructive discharge, Plaintiff never received her final paycheck.

40.     Defendants' refusal to pay wages owed is retaliatory and unlawful pursuant to the FLSA, IMWL, and IWPCA.

41.     By failing to pay Plaintiff in October and November, Defendant failed to pay minimum wage for all hours worked.

42.     Further, Defendant failed to pay Plaintiff's final paycheck, meaning Plaintiff has not been paid her earned wages for all hours worked.

43.     Plaintiff can show she engaged in protected activity, as required for her retaliation claim, when she requested for Defendant to pay her earned wages.

## COUNT I
### Violations of the Fair Labor Standards Act
### (Failure to Pay Minimum Wage)

44. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

45. During the course of her employment, Plaintiff was not exempt from the minimum wage provisions of the FLSA.

46. As set forth above, Plaintiff rendered employment services for Defendant and Defendant refused pay Plaintiff for her labor.

47. Plaintiff performed an integral function of Defendant's business.

48. Plaintiff was an employee of Defendant, and Defendant supervised Plaintiff's work, assigned her hours and schedule, controlled the conditions of her employment, and supplied the necessary tools for her to perform her job.

49. Defendant had the ability to, and the responsibility to, pay Plaintiff as Plaintiff's employer.

50. Pursuant to §206(a)(1) of the FLSA, Defendant was required to pay its non-exempt employees no less than $7.25 per hour (federal minimum wage).

51. Pursuant to the FLSA, Plaintiff was entitled to be compensated at a rate of 100% of her hourly rate.

52. Plaintiff was directed by Defendant to work, and did work, and was not paid for all hours worked.

53. By failing to pay Plaintiff all of her wages earned from her last pay check, Defendant failed to pay Plaintiff the minimum wage for all hours worked as required by the FLSA.

54. Accordingly, Defendant willfully violated the FLSA by deliberately refusing to pay Plaintiff the minimum wage as prescribed by the FLSA.

55. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT II
### Violations of the Illinois Minimum Wage Law
### (Failure to Pay Minimum Wage)

56. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

57. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

58. Pursuant to the IMWL, Defendant was required to pay Plaintiff no less than $15.00 per hour, the Cook County minimum wage. 820 ILCS 105/4(a)(1).

59. By failing to pay Plaintiff her earned wages from October 2025 to November 2025, Defendant failed to pay Plaintiff the minimum wage for all hours worked as required by the IMWL.

60. As set forth above, Plaintiff suffered damages as result of Defendant's conduct.

61. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover her unpaid wages, as well as damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

## COUNT III
### Violation of the Fair Labor Standards Act
### Independent Contractor Misclassification

62. Plaintiff hereby repeats and incorporates paragraphs 1-43 as if set forth fully herein.

63. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

64. The FLSA regulates, among other things, the classification of exempt and non-

8

exempt employees under the Act.

65. During all times relevant to this action, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

66. During all times relevant to this action, Plaintiff has been Defendant's "employee" within the meaning of the FLSA, 29 U.S.C. §203(e).

67. Section 13 of the FLSA identifies certain categories of exempted employees from protections provided under the Act. 29 U.S.C. §213. Despite Defendant's misclassification of Plaintiff, none of the FLSA's exemptions apply to Plaintiff and other similarly situated individuals.

68. Plaintiff is a victim of a uniform misclassification policy instituted by Defendant in order to avoid affording its employees the protections and benefits they are entitled to under the FLSA.

69. Defendant has not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated individuals are entitled to recover damages.

70. Pursuant to the FLSA, Plaintiff has suffered and continues to suffer damages.

### COUNT IV
**Violations of the Illinois Wage Payment and Collection Act (820 ILCS 115/ *et seq.*)**
**(Failure to Pay Final Compensation)**

71. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

72. Defendant was required to pay Plaintiff $20.00 per hour pursuant to an employment contract or agreement between Plaintiff and Defendant.

73. Pursuant to 820 ILCS 115/2:

Payments to separated employees shall be termed "final compensation" and shall

be defined as wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties. Where an employer is legally committed through a collective bargaining agreement or otherwise to make contributions to an employee benefit, trust or fund on the basis of a certain amount per hour, day, week or other period of time, the amount due from the employer to such employee benefit, trust, or fund shall be defined as "wage supplements", subject to the wage collection provisions of this Act. (820 ILCS 115/2) (from Ch. 48, par. 39m-2).

74. The IWPCA requires an employer to "to pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

75. Defendant violated the IWPCA by failing to pay Plaintiff her compensation between October 2025 and November 2025.

76. At the time of separation or by the next regularly scheduled payday, following Plaintiff's constructive discharge, Defendant failed to pay Plaintiff her earned wages.

77. Defendant also failed to pay Plaintiff any earned vacation that she may have accrued.

78. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT V
### Violation of the Fair Labor Standards Act – Retaliation

79. Plaintiff hereby repeats and incorporates paragraphs 1-43 as if set forth fully herein.

80. This count arises from Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their retaliation against Plaintiff for engaging in protected activity.

81. During the course of her employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

82. Plaintiff was directed by Defendant to work, and did work, and was not paid for

all hours worked.

83.     Pursuant to 29 U.S.C. §215, Plaintiff engaged in protected activity under the FLSA when she complained to Defendant about not being paid minimum wage for all hours worked and/or not receiving her paychecks.

84.     As such, Plaintiff was protected from retaliation under the FLSA as a result of her inquiries about wages owed.

85.     Plaintiff suffered an adverse employment action when she was not paid for all hours worked by Defendant despite her protected complaints under the FLSA.

86.     As a direct and proximate result of Plaintiff's complaints about Defendant's failure to pay Plaintiff her minimum wages owed for all hours worked, Plaintiff was constructively discharged.

87.     By forcing Plaintiff to perform work for an entire month without pay, Defendant subjected Plaintiff to working conditions so intolerable that no reasonable person could continue to work under these circumstances.

88.     Thus, Defendant gave Plaintiff no choice but to face a constructive discharge.

89.     Defendant's failure and refusal to pay minimum wages for all hours worked following Plaintiff's engagement in protected activity was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §215.

90.     Defendant constructively discharged Plaintiff for engaging in protected activity under the FLSA.

91.     As set forth above, Plaintiff suffered damages as result of Defendant's conduct.

92.     Plaintiff has suffered and continues to suffer lost wages after being constructively discharged.

<u>COUNT VI</u>
**Violation of the Illinois Minimum Wage Law – Retaliation**

93.     Plaintiff hereby repeats and incorporates paragraphs 1-43 as if set forth fully herein.

94.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

95.     This count arises from Defendant's violations of the Illinois Minimum Wage Law, 820 ILCS 105/4, for their retaliation against Plaintiff for engaging in protected activity.

96.     During the course of her employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the IMWL.

97.     Plaintiff was directed by Defendant to work, and did work, and was not paid for all hours worked.

98.     Pursuant to IMWL, Plaintiff engaged in protected activity under the IMWL when she complained to Defendant about not being paid minimum wage for all hours worked and/or not receiving her paychecks.

99.     As such, Plaintiff was protected from retaliation under the IMWL as a result of her inquiries about wages owed.

100.    Plaintiff suffered an adverse employment action when she was not paid for all hours worked by Defendant despite her protected complaints under the IMWL.

101.    As a direct and proximate result of Plaintiff's complaints about Defendant's failure to pay Plaintiff her minimum wages owed for all hours worked, Plaintiff was constructively discharged.

102.    By forcing Plaintiff to perform work for an entire month without pay, Defendant subjected Plaintiff to working conditions so intolerable that no reasonable person could continue

12

to work under these circumstances.

103.   Thus, Defendant gave Plaintiff no choice but to face a constructive discharge.

104.   Defendant's failure and refusal to pay minimum wages for all hours worked following Plaintiff's engagement in protected activity was a willful violation of the IMWL.

105.   Defendant constructively discharged Plaintiff for engaging in protected activity.

106.   As set forth above, Plaintiff suffered damages as result of Defendant's conduct.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Pre-judgment and post-judgment interest;

f.   Liquidated damages;

g.   Punitive damages;

h.   Reasonable attorney's fees and costs; and

i.   For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 23rd day of January 2026.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148

13

Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

**/s/ *Sophia K. Steere***
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575-8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*

14