## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CARMEN CLARK,

        Plaintiff,

    v.

3600 CONDOMINIUM ASSOCIATION,

        Defendant.

Case No. 1:26-cv-00758

Hon. Georgia N. Alexakis

## DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant 3600 Condominium Association ("Defendant") answers the Complaint ("Complaint") of Plaintiff Carmen Clark ("Plaintiff") as follows. All allegations of the Complaint not expressly admitted below are denied by Defendant.

## NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendant's misclassification of Plaintiff as an Independent Contractor, failure to pay all earned wages, and minimum wage for all hours worked.

**ANSWER:** Defendant admits that Plaintiff purports to bring an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), but denies that it violated the statute and denies the remaining allegations of Paragraph 1.

2.    This lawsuit further arises under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4 *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/*et. seq.*, for Defendant's failure to pay all earned wages, minimum wage for all hours worked, and final compensation to Plaintiff.

**ANSWER:** Defendant admits that Plaintiff purports to bring an action under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4 *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115 *et seq.*, but denies that it violated any of these statutes and denies the remaining allegations of Paragraph 2.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.  This action is authorized and instituted pursuant to Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

**ANSWER:**   Defendant contends that the allegations of Paragraph 3 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary.  To the extent that a response is required, Defendant admits that Plaintiff purports to assert a claim under the FLSA, which is a federal statute, but denies the remaining allegations of Paragraph 3.

4.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this district.

**ANSWER:**   Defendant admits that venue is proper in this Court and admits that it conducts business in the Northern District of Illinois, Eastern Division but denies the remaining allegations of Paragraph 4.

5.      This Court has supplemental and pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**   Defendant contends that the allegations of Paragraph 5 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary.  To the extent that a response is required, Defendant denies the allegations of Paragraph 5.

## PARTIES

6.      At all times material to the allegations of this Complaint, Plaintiff, Carmen Clark, resides in Cook County in the State of Illinois.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7.      At all times material to the allegations in this Complaint, Defendant, 3600 Condominium Association, is an entity doing business in and for Cook County whose address is 3600 N Lake Shore Drive, Chicago, Illinois 60613.

**ANSWER:**    Defendant admits that it conducts business and has conducted business in Cook County, Illinois and that its address is 3600 North Lake Shore Drive, Chicago, Illinois 60613, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that it conducted business "for Cook County[.]"

8.      At all times relevant, Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS 105/3(d).

**ANSWER:**    Defendant contends that the allegations of Paragraph 8 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary. To the extent that a response is required, Defendant admits that during the time that Plaintiff performed services for Defendant, Plaintiff would meet the definition of an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS 105/3(d). Defendant denies the remaining allegations of Paragraph 8.

9.      At all times relevant, Plaintiff was Defendant's "employee" as defined by the IWPCA, 820 ILCS 115/2.

**ANSWER:**    Defendant contends that the allegations of Paragraph 9 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary. To the extent that a response is required, Defendant admits that during the time that Plaintiff performed services for Defendant, Plaintiff would meet the definition of an "employee" under the IWPCA, 820 ILCS 115/2. Defendant denies the remaining allegations of Paragraph 9.

10.     At all times relevant, Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

**ANSWER:**    Defendant contends that the allegations of Paragraph 10 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary. To the extent

3

that a response is required, Defendant admits that during the time that Plaintiff performed services for Defendant, Defendant would meet the definition of Plaintiff's "employer" under the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).  Defendant denies the remaining allegations of Paragraph 10.

11.     At all times relevant, Defendant was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce with the meaning of the FLSA.  29 U.S.C. § 203(s)(1).

**ANSWER:**   Defendant contends that the allegations of Paragraph 11 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary.  To the extent that a response is required, Defendant admits the allegations of Paragraph 11.

12.     At all times relevant, Defendant was an "employer" as defined by the IWPCA, 820 ILCS 115/2.

**ANSWER:**   Defendant contends that the allegations of Paragraph 12 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary.  To the extent that a response is required, Defendant admits that during the time that Plaintiff performed services for Defendant, Defendant would meet the definition of Plaintiff's "employer" under the IWPCA, 820 ILCS 115/2.  Defendant denies the remaining allegations of Paragraph 12.

## BACKGROUND FACTS

13.     Plaintiff was employed by Defendant as an administrative assistant/keyholder from on or about July 17, 2025, until Defendant began unlawfully not paying Plaintiff her earned wages leading to her constructive discharge on or about November 5, 2025.

**ANSWER:**   Defendant admits that Plaintiff performed services for Defendant starting on July 16, 2025, and ending on November 5, 2025.  Defendant admits that Plaintiff was employed by Defendant as a key coordinator/administrative assistant.  Defendant denies the remaining allegations of Paragraph 13.

14.     On the day that Plaintiff was hired, Plaintiff spoke with Sabrina Greco, Defendant's community association manager.

**ANSWER:** Defendant admits that Plaintiff often spoke with Sabrina Greco, Defendant's Community Association Manager. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14.

15. After she was hired, Plaintiff received all hiring paperwork including background check, w-2 form, and a welcome aboard email.

**ANSWER:** Defendant admits that Plaintiff received following her hire a packet of paperwork that included background check information. Defendant denies the remaining allegations of Paragraph 15.

16. Following completion of these documents, about a week later, Plaintiff was notified that she could begin working as soon as possible.

**ANSWER:** Defendant admits that Plaintiff commenced work for Defendant on July 16, 2025, and that this commencement of work occurred after she completed certain paperwork. Defendant denies the remaining allegations of Paragraph 16.

17. Ms. Greco, Defendant's manager who hired Plaintiff, was also in charge of Plaintiff's schedule and tasks throughout the day as an administrative assistant/keyholder.

**ANSWER:** Defendant admits the allegations of Paragraph 17, except Plaintiff's title was key coordinator/administrative assistant.

18. As an administrative assistant/keyholder, Plaintiff performed a specific job which was an integral part of the business of Defendant.

**ANSWER:** Defendant denies the allegations of Paragraph 18.

19. Plaintiff's job duties included, but are not limited to, the following:

    a. Put notices on people's doors;

    b. Office tasks such as organizing keys, shredding paper, and submit paperwork;

    c. Allowed construction workers to enter the building and locking up rooms after their departure;

    d.   Submitting finished work that construction workers completed in the computer/ipad;

    e.   And any other administrative task asked of her by Defendant's manager

**ANSWER:** Defendant denies that Plaintiff's job duties included "submitt[ing] paperwork", "allow[ing] construction workers to enter the building", or "submitting finished work that construction workers completed in the computer/ipad." Defendant admits the remaining allegations of Paragraph 19, and, answering further, Defendant states that Plaintiff's work included taking pictures of open walls after fire caulking was done and uploading those pictures to an i-Pad.

20.    Plaintiff works a set schedule, set by the Defendant, Monday through Friday from 7:30am – 4:00pm.

**ANSWER:** Defendant admits that it informed Plaintiff of days and times on which her services were needed and that she was scheduled to commence work at 7:30 a.m. on days that she worked. Defendant denies the remaining allegations of Paragraph 20.

21.    As an employee of Defendant, she was unable to choose her off days.

**ANSWER:** Defendant admits that Plaintiff was an employee and admits that it informed Plaintiff of days and times on which her services were needed but denies the remaining allegations of Paragraph 21.

22.    Defendant misclassified Plaintiff as an "independent contractor."

**ANSWER:** Defendant admits that it mistakenly treated Plaintiff as an independent contractor, as opposed to an employee, for purposes of tax withholding from payments to her but denies the remaining allegations of Paragraph 22.

23.    However, Plaintiff was an employee of Defendant and was paid as a W2 employee until she brought up issues with not being paid- thereby engaging in protected activity.

**ANSWER:** Defendant admits that while Plaintiff performed services for Defendant, she would meet the definition of an "employee" under the FLSA, IMWL, and IWPCA but denies the remaining allegations of Paragraph 23.

24. After bringing to Defendant's attention that she was not recieving [sic] her paychecks, Defendant then changed Plaintiff's status to a 1099 employee.

**ANSWER:** Defendant denies the allegations of Paragraph 24.

25. Defendant treated Plaintiff as an employee based on the foregoing:

a. Plaintiff was economically dependent on Defendant;

b. Defendant scheduled Plaintiff 40 hours a week as a set schedule which constitute longer hours than that of an independent contractor, thereby precluding Plaintiff from earning substantial income from other sources or engaging in substantial independent business activities;

c. Plaintiff does not exercise managerial skills which affects her opportunity from other sources or engaging in substantial independent business activities;

d. Plaintiff does not hold meaningful opportunities for profit or loss as part of their duties performed for Defendant;

e. Plaintiff's hourly rate, $20.00 per hour, was a rate plan that does not have opportunity to increase earnings based on entrepreneurial or business skills;

f. Plaintiff, as an administrative assistant, does not solicit additional work for herself from Defendant's customers or others;

g. All parts and equipment used to perform Plaintiff's job are owned and provided by Defendant;

h. Defendant maintains the ability to exercise meaningful control, and does exercise meaningful control over the following actions of Plaintiff, including but not limited to:

    i. Defendant assigns work schedules;

    ii. Defendant assigns Plaintiff to particular tasks;

    iii. Defendant requires Plaintiff to report to work and leave work by specified times; and

    iv. Defendant has monitored and supervised the work of Plaintiff.

**ANSWER:** Defendant admits that Plaintiff was employed by Defendant, and Defendant further responds to each of the sub-paragraphs in Paragraph 25 as follows:

a. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.a.

b. Defendant admits that it scheduled Plaintiff to work a schedule that, if she fulfilled it, could result in 40 hours of work for Defendant per week. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25.b.

c. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.c.

d. Defendant admits the allegations of Paragraph 25.d.

e. Defendant admits the allegations of Paragraph 25.e.

f. Defendant admits the allegations of Paragraph 25.f.

g. Defendant admits the allegations of Paragraph 25.g.

h. Defendant admits the allegations of Paragraph 25.h.

26. In or around October 2025, Plaintiff noticed that she was not reciving [sic] her checks in the mail as she previously had.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. Since the beginning of her employment up to October 2025, Plaintiff had recieved [sic] her paychecks with no issue.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28. Plaintiff was paid weekly at $20.00 an hour.

**ANSWER:** Defendant admits the allegations of Paragraph 28, except Defendant denies that Plaintiff received $20 per hour for hours worked over 40 in a workweek; for the sole workweek for which she worked greater than 40 hours, she received a rate of $30 per hour for the time worked in excess of 40 hours.

29. Defendant claimed to have sent out all of her checks but she has not recieved [sic] anything as of January 21, 2026.

**ANSWER:** Defendant admits that it has sent out all of the checks paying Plaintiff for all services rendered but denies the remaining allegations of Paragraph 29.

30. Plaintiff has brought Defendant's failure to pay her to Defendant's attention on multiple occassions [sic] in person and via email to Defendant.

**ANSWER:** Defendant admits that Plaintiff brought to Defendant's attention on more than one occasion in person and via e-mail her alleged failure to receive checks mailed by Defendant. Defendant denies the remaining allegations of Paragraph 30.

31. However, she is barely able to recieve [sic] any response that provides her with any direction as to what is going on with her paychecks.

**ANSWER:** Defendant denies the allegations of Paragraph 31.

32. Instead, Defendant simply responsds [sic] stating that they have "sent out the checks" without finding a different solution such as direct deposit.

**ANSWER:** Defendant admits that it sent out all checks to Plaintiff and responded to Defendant's inquiries, including re-issuing checks, but denies the remaining allegations of Paragraph 32.

33. Further, Defendant gave Plaintiff a 1099 to make it seem as if she was an independent contractor despite her being an employee of Defendant.

**ANSWER:** Defendant admits that Plaintiff would meet the definition of an "employee" under the FLSA, IMWL, and IWPCA and admits that Plaintiff received an IRS Form 1099 for services rendered in 2025 but denies the remaining allegations of Paragraph 33.

34.     Until Plaintiff brought up the concept of pursuing legal action, Defendant had refused to provide paystubs.

**ANSWER:**     Defendant denies the allegations of Paragraph 34.

35.     Once she recieved [sic] her paystubs and added the total missing paychecks, Plaintiff was missing over $3,000.00.

**ANSWER:**     Defendant denies the allegations of Paragraph 35.

36.     Specifically, Plaintiff is missing the following checks and amounts:

    a.  For October 6 to October 10: $650.00

    b.  For October 13 to October 17: $800.60

    c.  For October 20 to October 24: $691.33

    d.  For October 27 to October 31: $700.67

    e.  For November 3 to November 7: $473.33

**ANSWER:**     Defendant denies the allegations of Paragraph 36, as Defendant mailed checks to Plaintiff to cover these time periods and then re-issued checks for these periods when Plaintiff contended that she did not receive the original checks that were mailed.  Answering further, the amount paid by Defendant to Plaintiff for the period of November 3, 2025, through November 5, 2025, totaled $437.33, not $473.33.

37.     Therefore, Plaintiff is owed $3,315.33 and hgas [sic] yet to recieve [sic] her wages for all hours worked for Defendant.

**ANSWER:**     Defendant denies the allegations of Paragraph 37.

38.     Due to Defendant's failure to pay Plaintiff wages, Plaintiff had no other option but to face a constructive discharge given she had already worked over a month with no pay.

**ANSWER:**     Defendant denies the allegations of Paragraph 38.

39.     Following her retaliatory constructive discharge, Plaintiff never received her final paycheck.

**ANSWER:** Defendant denies the allegations of Paragraph 39. Answering further, Defendant states that it has sent Plaintiff all payments due to her.

40. Defendants' [sic] refusal to pay wages owed is retaliatory and unlawful pursuant to the FLSA, IMWL, and IWPCA.

**ANSWER:** Defendant denies the allegations of Paragraph 40.

41. By failing to pay Plaintiff in October and November, Defendant failed to pay minimum wage for all hours worked.

**ANSWER:** Defendant denies the allegations of Paragraph 41.

42. Further, Defendant failed to pay Plaintiff's final paycheck, meaning Plaintiff has not been paid her earned wages for all hours worked.

**ANSWER:** Defendant denies the allegations of Paragraph 42.

43. Plaintiff can show she engaged in protected activity, as required for her retaliation claim, when she requested for Defendant to pay her earned wages.

**ANSWER:** Defendant admits that Plaintiff told Defendant that she had not received certain checks that were mailed. Defendant denies the remaining allegations of Paragraph 43.

## COUNT I
### Violations of the Fair Labor Standards Act
### (Failure to Pay Minimum Wage)

44. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

**ANSWER:** Defendant incorporates by reference its responses to Paragraphs 1 through 43.

45. During the course of her employment, Plaintiff was not exempt from the minimum wage provisions of the FLSA.

**ANSWER:** Defendant admits the allegations in Paragraph 45.

46. As set forth above, Plaintiff rendered employment services for Defendant and Defendant refused pay [sic] Plaintiff for her labor.

**ANSWER:** Defendant admits that Plaintiff performed services for Defendant but denies the remaining allegations of Paragraph 46.

11

47.     Plaintiff performed an integral function of Defendant's business.

**ANSWER:**     Defendant denies the allegations of Paragraph 47.

48.     Plaintiff was an employee of Defendant, and Defendant supervised Plaintiff's work, assigned her hours and schedule, controlled the conditions of her employment, and supplied the necessary tools for her to perform the job.

**ANSWER:**     Defendant admits the allegations of Paragraph 48.

49.     Defendant had the ability to, and the responsibility to, pay Plaintiff as Plaintiff's employer.

**ANSWER:**     Defendant admits the allegations of Paragraph 49.

50.     Pursuant to §206(a)(1) of the FLSA, Defendant was required to pay its non-exempt employees no less than $7.25 per hour (federal minimum wage).

**ANSWER:**     Defendant contends that the allegations of Paragraph 50 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary.  To the extent that a response is required, Defendant admits the allegations of Paragraph 50.

51.     Pursuant to the FLSA, Plaintiff was entitled to be compensated at a rate of 100% of her hourly rate.

**ANSWER:**     Defendant denies the allegations of Paragraph 51.

52.     Plaintiff was directed by Defendant to work, and did work, and was not paid for all hours worked.

**ANSWER:**     Defendant admits that it directed Plaintiff to perform work and that she did perform work for Defendant but denies the remaining allegations of Paragraph 52.

53.     By failing to pay Plaintiff all of her wages earned from her last pay check, Defendant failed to pay Plaintiff the minimum wage for all hours worked as required by the FLSA.

**ANSWER:**     Defendant denies the allegations of Paragraph 53.

54.     Accordingly, Defendant willfully violated the FLSA by deliberately refusing to pay Plaintiff the minimum wage as prescribed by the FLSA.

**ANSWER:**     Defendant denies the allegations of Paragraph 54.

55.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:** Defendant denies the allegations of Paragraph 55.

## COUNT II
### Violations of the Illinois Minimum Wage Law
### (Failure to Pay Minimum Wage)

56.     Plaintiff repeats and re-alleges paragraph 1-43 as if fully stated herein.

**ANSWER:** Defendant incorporates by reference its responses to Paragraphs 1 through 43.

57.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

**ANSWER:** Defendant contends that the allegations of Paragraph 57 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary. To the extent that a response is required, Defendant denies the allegations of Paragraph 57.

58.     Pursuant to the IMWL, Defendant was required to pay Plaintiff no less than $15.00 per hour, the Cook County minimum wage. 820 ILCS 105/4(a)(1).

**ANSWER:** Defendant admits the allegations of Paragraph 58.

59.     By failing to pay Plaintiff her earned wages from October 2025 to November 2025, Defendant failed to pay Plaintiff the minimum wage for all hours worked as required by the IMWL.

**ANSWER:** Defendant denies the allegations of Paragraph 59.

60.     As set forth above, Plaintiff suffered damages as result of Defendant's conduct.

**ANSWER:** Defendant denies the allegations of Paragraph 60.

61.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover her unpaid wages, as well as damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

**ANSWER:** Defendant denies the allegations of Paragraph 61.

## COUNT III
### Violation of the Fair Labor Standards Act
### Independent Contractor Misclassification

62.     Plaintiff hereby repeats and incorporates paragraph 1-43 as if set forth fully herein.

13

**ANSWER:** Defendant incorporates by reference its responses to Paragraphs 1 through 43.

63. At all times material herein, Plaintiff has been entitled to rights, protections, and benefits provided under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

**ANSWER:** Defendant admits that while Plaintiff performed services for Defendant, she was covered by the FLSA. Defendant denies the remaining allegations of Paragraph 63.

64. The FLSA regulates, among other things, the classification of exempt and non-exempt employees under the Act.

**ANSWER:** Defendant contends that the allegations of Paragraph 64 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary. To the extent that a response is required, Defendant admits the allegations of Paragraph 64.

65. During all times relevant to this action, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

**ANSWER:** Defendant admits that during the time that Plaintiff performed services for Defendant, Defendant would meet the definition of Plaintiff's "employer" under the FLSA. Defendant denies the remaining allegations of Paragraph 65.

66. During all times relevant, to this action Plaintiff has been Defendant's "employee" within the meaning of the FLSA, 29 U.S.C. §203(e).

**ANSWER:** Defendant admits that during the time that Plaintiff performed services for Defendant, Defendant would meet the definition of an "employee" under the FLSA. Defendant denies the remaining allegations of Paragraph 66.

67. Section 13 of the FLSA identifies certain categories of exempted employees from protections provided under the Act. 29 U.S.C. §213. Despite Defendant's misclassification of Plaintiff, none of the FLSA's exemptions apply to Plaintiff and other similarly situated individuals.

**ANSWER:** Defendant admits that Plaintiff was not exempted from coverage of the FLSA while she performed services for Defendant but denies the remaining allegations of Paragraph 67.

68. Plaintiff is a victim of a uniform misclassification policy instituted by Defendant in order to avoid affording its employees the protections and benefits they are entitled to under the FLSA.

**ANSWER:** Defendant denies the allegations of Paragraph 68.

69. Defendant has not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated individuals are entitled to recover damages.

**ANSWER:** Defendant denies the allegations of Paragraph 69.

70. Pursuant to the FLSA, Plaintiff has suffered and continues to suffer damages.

**ANSWER:** Defendant denies the allegations of Paragraph 70.

## COUNT IV
**Violations of the Illinois Wage Payment and Collection (820 ILCS 115/ *et seq.*)**
**(Failure to Pay Final Compensation)**

71. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

**ANSWER:** Defendant incorporates by reference its responses to Paragraphs 1 through 43.

72. Defendant was required to pay Plaintiff $20.00 per hour pursuant to an employment contract or agreement between Plaintiff and Defendant.

**ANSWER:** Defendant admits the allegations of Paragraph 72.

73. Pursuant to 820 ILCS 115/2:

> Payments to separated employees shall be termed "final compensation" and shall be defined as wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties. Where an employer is legally committed through a collective bargaining agreement or otherwise to make contributions to an employee benefit, trust or fund on the basis of a certain amount  per hour, day, week or other period of time, the amount due from the

15

employer to  such employee benefit, trust, or fund shall be defined as "wage supplements",  subject to the wage collection provisions of this Act. (820 ILCS 115/2) (from Ch. 48, par. 39m-2).

**ANSWER:**    Defendant contends that the allegations of Paragraph 73 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary.  To the extent that a response is required, Defendant admits that 820 ILCS 115/2 contains the quoted language but denies that it violated this statute and denies the remaining allegations of Paragraph 73.

74.    The IWPCA requires an employer to "to pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

**ANSWER:**    Defendant contends that the allegations of Paragraph 74 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary.  To the extent that a response is required, Defendant admits that 820 ILCS 115/5 contains the quoted language but denies that it violated this statute and denies the remaining allegations of Paragraph 74.

75.    Defendant violated the IWPCA by failing to pay Plaintiff her compensation between October 2025 and November 2025.

**ANSWER:**    Defendant denies the allegations of Paragraph 75.

76.    At the time of separation or by the next regularly scheduled payday, following Plaintiff's constructive discharge, Defendant failed to pay Plaintiff her earned wages.

**ANSWER:**    Defendant denies the allegations of Paragraph 76.

77.    Defendant also failed to pay Plaintiff any earned vacation that she may have accrued.

**ANSWER:**    Defendant denies the allegations of Paragraph 77.

78.    As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:**    Defendant denies the allegations of Paragraph 78.

## COUNT V
### Violation of the Fair Labor Standards Act – Retaliation

79.    Plaintiff hereby repeats and incorporates paragraphs 1-43 as if fully stated herein.

**ANSWER:** Defendant incorporates by reference its responses to Paragraphs 1 through 43.

80. This count arises from Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their retaliation against Plaintiff for engaging in protected activity.

**ANSWER:** Defendant denies the allegations of Paragraph 80.

81. During the course of her employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

**ANSWER:** Defendant admits the allegations of Paragraph 81.

82. Plaintiff was directed by Defendant to work, and did work, and was not paid for all hours worked.

**ANSWER:** Defendant admits that it directed Plaintiff to perform work and that she did perform work but denies the remaining allegations of Paragraph 82.

83. Pursuant to 29 U.S.C. §215, Plaintiff engaged in protected activity under the FLSA when she complained to Defendant about not being paid minimum wage for all hours worked and/or not receiving her paychecks.

**ANSWER:** Defendant admits that Plaintiff alleged to Defendant that she had not received checks that were mailed for services rendered. Defendant denies the remaining allegations of Paragraph 83.

84. As such, Plaintiff was protected from retaliation under the FLSA as a result of her inquiries about wages owed.

**ANSWER:** Defendant denies the allegations of Paragraph 84 and specifically denies that it retaliated against Plaintiff in any way.

85. Plaintiff suffered an adverse employment action when she was not paid for all hours worked by Defendant despite her protected complaints under the FLSA.

**ANSWER:** Defendant denies the allegations of Paragraph 85.

86. As a direct and proximate result of Plaintiff's complaints about Defendant's failure to pay Plaintiff her minimum wages owed for all hours worked, Plaintiff was constructively discharged.

**ANSWER:**     Defendant denies the allegations of Paragraph 86.

87.     By forcing Plaintiff to perform work for an entire month without pay, Defendant subjected Plaintiff to working conditions so intolerable that no reasonable person could continue to work under these conditions.

**ANSWER:**     Defendant denies the allegations of Paragraph 86.

88.     Thus, Defendant gave Plaintiff no choice but to face a constructive discharge.

**ANSWER:**     Defendant denies the allegations of Paragraph 88.

89.     Defendant's failure and refusal to pay minimum wages for all hours worked following Plaintiff's engagement in protected activity was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §215.

**ANSWER:**     Defendant denies the allegations of Paragraph 89.

90.     Defendant constructively discharged Plaintiff for engaging in protected activity under the FLSA.

**ANSWER:**     Defendant denies the allegations of Paragraph 90.

91.     As set forth above, Plaintiff suffered damages as result of Defendant's conduct.

**ANSWER:**     Defendant denies the allegations of Paragraph 91.

92.     Plaintiff has suffered and continues to suffer lost wages after being constructively discharged.

**ANSWER:**     Defendant denies the allegations of Paragraph 92.

## COUNT VI
### Violation of the Illinois Minimum Wage Law – Retaliation

93.     Plaintiff hereby repeats and incorporates paragraph 1-43 as if set forth fully herein.

**ANSWER:**     Defendant incorporates by reference its responses to Paragraphs 1 through 43.

94.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

**ANSWER:** Defendant contends that the allegations of Paragraph 94 constitute legal conclusions and/or legal arguments for which no admission or denial is necessary. To the extent that a response is required, Defendant denies the allegations of Paragraph 94.

95. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/4, for their retaliation against Plaintiff for engaging in protected activity.

**ANSWER:** Defendant denies the allegations of Paragraph 95.

96. During the course of her employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the IMWL.

**ANSWER:** Defendant admits the allegations of Paragraph 96.

97. Plaintiff was directed by Defendant to work, and did work, and was not paid for all hours worked.

**ANSWER:** Defendant admits that it directed Plaintiff to perform work and that she did perform work but denies the remaining allegations of Paragraph 97.

98. Pursuant to IMWL, Plaintiff engaged in protected activity under the IMWL when she complained to Defendant about not being paid minimum wage for all hours worked and/or not receiving her paychecks.

**ANSWER:** Defendant admits that Plaintiff alleged to Defendant that she had not received checks that were mailed for services rendered. Defendant denies the remaining allegations of Paragraph 98.

99. As such, Plaintiff was protected from retaliation under the IMWL as a result of her inquiries about wages owed.

**ANSWER:** Defendant denies the allegations of Paragraph 99 and specifically denies that it retaliated against Plaintiff in any way.

100. Plaintiff suffered an adverse employment action when she was not paid for all hours worked by Defendant despite her protected complaints under the IMWL.

**ANSWER:** Defendant denies the allegations of Paragraph 100.

19

101.    As a direct and proximate result of Plaintiff's complaints about Defendant's failure to pay Plaintiff her minimum wages owed for all hours worked, Plaintiff was constructively discharged.

**ANSWER:**    Defendant denies the allegations of Paragraph 101.

102.    By forcing Plaintiff to perform work for an entire month without pay, Defendant subjected Plaintiff to working conditions so intolerable that no reasonable person could continue to work under these circumstances.

**ANSWER:**    Defendant denies the allegations of Paragraph 102.

103.    Thus, Defendant gave Plaintiff no choice but to face a constructive discharge.

**ANSWER:**    Defendant denies the allegations of Paragraph 103.

104.    Defendant's failure and refusal to pay minimum wages for all hours worked following Plaintiff's engagement in protected activity was a willful violation of the IMWL.

**ANSWER:**    Defendant denies the allegations of Paragraph 104.

105.    Defendant constructively discharged Plaintiff for engaging in protected activity.

**ANSWER:**    Defendant denies the allegations of Paragraph 105.

106.    As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:**    Defendant denies the allegations of Paragraph 106.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief, denies that Plaintiff is entitled to any relief whatsoever of any kind, and denies all remaining allegations contained in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Upon information and belief, without assuming the burden of proof on any such defense that would otherwise rest on Plaintiff, and with the reservation of its right to amend or supplement its affirmative defenses as information is gathered through discovery, Defendant asserts the following affirmative defenses.

**FIRST DEFENSE**
**(Good Faith - FLSA)**

1.      If Defendant is found to have failed to pay Plaintiff any amount allegedly due, which Defendant expressly denies, any alleged acts or omissions of Defendant were in good faith, and Defendant had reasonable grounds for believing that any alleged acts or omissions were not violations of the FLSA, and thus liquidated damages are not appropriate.  29 U.S.C. §§ 216, 260.

**SECOND DEFENSE**
**(Not Willful)**

2.      Any alleged nonpayment, act, or omission by Defendant was not willful, knowing, or in reckless disregard of the provisions of the FLSA and Illinois law.

**THIRD DEFENSE**
**(Doctrine of Payment)**

3.      The claims set forth in the Complaint are barred in whole, or in part, the doctrine of payment because Defendant properly compensated Plaintiff for all time worked in accordance with the FLSA and Illinois law.

**FOURTH DEFENSE**
**(Computation of Minimum Wages Allegedly Due)**

4.      To the extent that Defendant is found to have failed to pay Plaintiff any minimum wages due, which Defendant expressly denies, Defendant is not liable for any unpaid minimum wages to the extent that it paid Plaintiff for all hours worked in a workweek, a total amount greater than or equal to the applicable minimum wage.

**FIFTH DEFENSE**
**(No Causation for "Protected Activity" and "Adverse Employment Action")**

5.      Plaintiff's claims fail, in whole or in part, because Plaintiff cannot prove a causal connection between any alleged "protected activity" and an alleged "adverse employment action" with respect to Defendant, as such terms are defined under applicable law.

21

**SIXTH DEFENSE**
**(Penalties Cannot Be Stacked)**

6. Plaintiff cannot obtain multiple, duplicative sets of penalties for the same alleged substantive violation (*e.g.*, seeking liquidated damages under the FLSA on top of statutory damages under the IMWL for allegedly unpaid time).

**SEVENTH DEFENSE**
**(Failure to State a Claim For Which Relief Can be Granted)**

7. Plaintiff's claims should be dismissed to the extent that Plaintiff has failed to state a claim for which relief can be granted.

**EIGHTH DEFENSE**
**(Standing)**

8. Plaintiff lacks standing in this matter because she has not suffered any injury in fact.

**NINTH DEFENSE**
**(Pre-Judgment Interest)**

9. Plaintiff's claims for prejudgment interest are foreclosed because Defendant did not unreasonably and vexatiously withhold payment of any sums to Plaintiff.

**TENTH DEFENSE**
**(Failure to Mitigate)**

10. Plaintiff's claims for damages are barred to the extent that she failed to mitigate her damages.

**ELEVENTH DEFENSE**
**(Plaintiff's Claims are Barred by the *De Minimis* Doctrine)**

11. To the extent that Plaintiff performed uncompensated work, which Defendant denies, Plaintiff's claims are not actionable to the extent that any time spent performing such work was *de minimis*.

22

WHEREFORE, Defendant prays for the following:

1.      That Plaintiff takes nothing by this action;

2.      That this action be dismissed with prejudice;

3.      For judgment in favor of Defendant on all counts of the Complaint;

4.      That Defendant be awarded its attorneys' fees and costs incurred in defending against this action; and

5.      For such further relief as is just and proper.

Dated: March 13, 2026                                    3600 CONDOMINIUM ASSOCIATION

                                                         By:    */s/ Amar N. Shabeeb*_____
                                                         One of Its Attorneys


Kevin D. Kelly (6270054)
Amar N. Shabeeb (6350047)
Troutman Pepper Locke LLP
111 South Wacker Drive
Suite 4100
Chicago, IL  60606
(312) 443-0217
(312) 759-5939
kevin.d.kelly@troutman.com
amar.shabeeb@troutman.com